### J. B. HOUSER v. P. C. BEAM.

*Trial—Argument of Counsel—Evidence.*

1. Irregularity in the manner of the introduction of testimony will not warrant a new trial, unless it appears that the appellant was prejudiced thereby.

2. It is the duty of the Court to stop counsel in comments which are not warranted by the evidence.

ACTION to recover back the sum of $500, which the plaintiff alleged he had paid over to one Humphreys for the benefit of defendant Beam, tried at Spring Term, 1892, of GASTON Superior Court, *Bynum, J.,* presiding.

The plaintiff was at the time acting as agent of the express company at Cherryville, North Carolina, and claimed that he delivered a package of said amount to Beam for Humphreys; and this was denied by defendant.

The following issue was submitted to the jury:

Did the defendant, P. C. Beam, receive a package containing $500 from the plaintiff, J. B. Houser, on the 25th day of November, 1887, as alleged ?

The plaintiff testified, in his own behalf, that on the 25th day of November, 1887, defendant McGuinas, who was depot and express agent at Cherryville, went to Dallas on private

business, leaving him (plaintiff) in charge of the depot. That the $500 package from the defendant Humphreys for the defendant Beam came on the morning train from Shelby. That he received the package and signed McGuinas' name therefor on the book of the route agent, one Hockaday, and immediately after the train left, and before entering the package on the book kept for that purpose in the depot, called the delivery book, he took the package with him and delivered it to Beam on his way to McGuinas' store. That he took no receipt from Beam at the time, intending to have him sign the delivery book afterwards. That the depot was nearly half a mile from the business portion of the town, and it was the custom of the agent to take with him up to town any money packages that came by the train, deliver them to the parties to whom they were addressed, and afterwards take their receipt therefor on the delivery book. That on the 25th day of November, 1887, plaintiff was buying cotton on his own account, as well as looking after the depot and post-office for McGuinas, and was in a hurry to get into the market and forgot to get Beam's receipt or to make the proper entry in the delivery book that day, and as McGuinas came home that evening and took charge for himself, the matter never recurred to him until about the 22d of March, 1888. That then McGuinas and Hockaday came to him and asked him about the package, saying that Beam denied receiving it, that at the time, being four months after the occurrence, he had forgotten the whole transaction, and denied ever having received the package from Hockaday, but when he was shown McGuinas' name signed to the receipt on Hockaday's book, he admitted that it was his handwriting, and paid Hockaday $245, McGuinas paying the remaining $255, all of which was paid back to Humphreys. That after the payment of the money he went to his own cotton book and that of Beam to see who had been in town with cotton for sale on the 25th. That he found on the books (his own and Beam's)

the name of H. G. Baxter, D. W. Taylor, C. L. Davis, John Harvey and one Ivey. That he went to Ivey first, and afterwards to the other men, and talked to them. That Harvey was the last man he talked to, and he did not entirely recall the transaction until he had talked with Harvey, and then he recalled the whole transaction.

On cross-examination the witness was asked how he could recollect the transaction after the talk with Ivey, Harvey and the others, when he had, before that talk, when approached by Hockaday and McGuinas, entirely forgotten it and could not recall a single circumstance of it. Witness answered that it was what those men told him about the occurrences of the day that enabled him to recall it, and was proceeding to state the conversation with them, when counsel for Beam objected to the evidence, unless the plaintiff had the men present as witnesses and proposed to examine them. Counsel for plaintiff stated that the men were all present and would be examined.

When the examination of this witness was concluded, the plaintiff rested his case.

Counsel for Beam insisted that plaintiff should be required to examine Ivey, Harvey and the other men whose conversation he had given before he was required to open his case.

Counsel for plaintiff stated that the men would surely be examined in reply to defendant's case.

Counsel for defendant insisted that they should be examined before plaintiff rested.

The Court stated that unless the men were examined he would instruct the jury that nothing that passed between the plaintiff and Ivey, Harvey and the others, as narrated by plaintiff, should be considered by the jury as evidence.

Counsel for the defendant Beam then argued that the withdrawal of the evidence from the consideration of the jury was not the proper remedy, as the jury had already heard the evidence, and that by consent.

The Court held that this was the best the Court could do, and to this ruling the defendant Beam excepted.

Defendant Beam then introduced his evidence. When he rested, plaintiff examined Ivey, Harvey and the others whose conversation with plaintiff the plaintiff had narrated.

Defendant Beam was then allowed to reply to their evidence, and he did so.

Defendant McGuinas was then examined as a witness in behalf of plaintiff, and on cross-examination swore that he had, before this occasion, viz, 25th November, 1887, lost two express packages and one registered letter, and that he did not know whether, at the time these packages were lost, Houser was working for him or not.

Houser, the plaintiff, being recalled, swore that he was not in the employ of McGuinas when these packages were lost. That he heard of the packages being lost, but at the time of the loss he was not in any way connected with McGuinas.

Counsel for defendant Beam, in the course of his arguments to the jury, adverted to the loss of those packages, and used this language: "It is not surprising that the $500 package alleged to have been given to Beam was lost. It is exactly what would have been expected in an office so loosely managed as this, under the control of Houser, as we have positive evidence that two packages were lost while he was the agent of McGuinas, with which two packages Beam had nothing to do."

Counsel for plaintiff here objected to this comment, for that there was no evidence that Houser was in the employ of McGuinas when the other packages were misplaced. Objection sustained, and counsel for Beam excepted.

There was a verdict for the plaintiff. Motion for new trial. Motion overruled. Judgment for plaintiff and appeal by defendant.

*Messrs. G. F. Bason* and *C. W. Tillet,* for plaintiff.
*Mr. John Devereux, Jr.,* for defendants.

PER CURIAM: We have carefully examined the record in this case, and, while it appears that there was some irregularity in the introduction of testimony, we fail to see how the defendant was in the least prejudiced thereby. The evidence did not warrant the comment of counsel, and there was no error on the part of the Court in stopping the same.

Affirmed.